[No. 4327.]

STRAHL V. SMITH ET AL.

**1. Deeds of Trust—Foreclosure Sale—Notice.**

Where a deed of trust provided that notice of sale should be published for thirty days, and the trustee's deed recited that notice of sale was published for thirty days, but copies of the notice which were made part of the deed showed that the notice was not published thirty days the sale was void.

**2. Deeds of Trust—Foreclosure Sale—Estoppel.**

Where a foreclosure sale under a deed of trust was void and the trustee's deed disclosed the invalidity, and the purchaser erected valuable improvements on the premises for part of which

he borrowed money and secured the same by a deed of trust to the premises which deed of trust was foreclosed, and a judgment for material furnished in erecting the building was made a lien on the premises, the holder of the original legal title was not estopped to assert her title to the premises and to assert the invalidity of the former foreclosure sale because she knew of the improvements being made on the premises and did not object thereto or at the time assert her title, it not appearing that the parties were induced to invest their money in the premises and building by her failure to assert her title but does appear that they relied upon the title as shown by the records.

### Error to the District Court of Teller County.

In the month of December, 1897, Rudolph Jankowsky began suit in the district court of Teller county against W. L. Smith, J. H. Parker, Joseph Homer, and Nora Foley to recover possession of certain real estate in Teller county, to cancel certain deeds of trust appearing of record, and for an accounting, and praying that he be decreed to be the owner of the premises free and clear of all incumbrances. In March following Amelia Walters Strahl filed her complaint in intervention, in which she claims to be the owner of the property in question and prays the same relief as that asked by the plaintiff. The pleadings were subsequently amended, and by proper procedure Charles J. Perkins, as trustee, was made defendant. The record discloses that prior to the filing of the complaint, the property had been conveyed by Mrs. Strahl to the plaintiff; that while he held the legal title to the property, the plaintiff had executed a trust deed to secure the payment of $817.50 to the defendants Parker and Homer; that after the execution of the deed of trust the plaintiff conveyed the property to Mrs. Strahl; that thereafter the deed of trust to secure Parker and Homer was foreclosed, and at the trustee's sale Parker and Homer bought the property; that in December, 1894, Parker conveyed by quitclaim deed the property to

Homer; that Homer executed a deed of trust to secure to Mrs. Foley, defendant, the sum of $2,500.00; that the deed of trust given to secure Mrs. Foley was foreclosed, Mrs. Foley becoming the purchaser at the sale. While the legal title to the property stood in Mrs. Strahl, a building was erected upon the premises, the money for its erection being furnished mainly by Parker and Homer; the deed of trust mentioned was given them to secure this debt; the building was destroyed by fire in 1896, and another building was erected by Homer and a large part of the money necessary for its erection was borrowed from Mrs. Foley by Homer.

The defendant Perkins is the assignee of a judgment obtained by Potter and Duthie for materials furnished Homer, and by the judgment Potter and Duthie were decreed to have a lien upon the building erected by Homer for the sum of $775.00, together with costs and attorney's fees.

The defendants set up the conveyances mentioned and alleged that the buildings were erected with the full knowledge and consent of Mrs. Strahl, and pleaded that she was estopped by reason of her knowledge to assert the invalidity of the deeds or to assert her title to the property in question. During the course of the trial defendants admitted that the sale under the first deed of trust was irregular because the advertising was not made in accordance with the terms of the trust deed. Witnesses testified that Mrs. Strahl was seen in or about Cripple Creek during the time the building now upon the premises was being erected, and one witness testified that while he was working as a laborer upon the building Mrs. Strahl walked through the building on two occasions. The judgment was for the defendants and against the intervenor, and the intervenor brings the case here by writ of error.

Mr. GEORGE H. KOHN, for plaintiff in error.

No appearance for defendants in error.

Mr. JUSTICE STEELE delivered the opinion of the court.

The defendants in error have not filed a brief in support of the judgment, and we have been required to examine the pleadings and the evidence and from them ascertain upon what theory they defended the action. The deed of trust under consideration provides that thirty days' notice of sale shall be given by publication, and the trustee's deed recites that notice was published for thirty days as required by the deed of trust. The first publication of the notice was in the issue of the papers dated May 19, 1894; the second publication appeared in the issue dated May 25, 1894. The notice as published on these days announced that the sale would occur on the 18th day of June, 1894. Afterwards the notice was changed, and in the succeeding issues of the paper notice was given that the sale would occur on June 16, 1894. No affidavit or certificate of the publisher or other person is attached to the trustee's deed, although the deed recites that a certified copy of the notice published is made a part of the deed. Thus it appears that the notice of sale required by the deed of trust was not given, and that the sale thereunder was void.

The sale being void, the only question left for our consideration is whether or not the intervenor, by her conduct, is estopped to assert the invalidity of the trustee's sale and to assert her title to the premises in controversy. No affirmative act or declaration of the intervenor is shown by the testimony except the act testified by the witness Kavanaugh, that on one occasion while the structure was being erected, she was seen to walk through the building. It does not appear that the parties were induced to invest their

money in the lot and building by the failure of Mrs. Strahl to assert her title; on the contrary, it does appear that the parties relied upon the title as shown by the county records, and that the trustee's deed discloses the fact that the note to secure which the deed of trust was given, was not due when foreclosure proceedings were begun.

We are of opinion that the defendants failed to establish the defense pleaded. The judgment is therefore reversed.                              *Reversed.*